UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID BIGGS,<br>　　Plaintiff,<br><br>　　v.<br><br>RICHARD RIEL and AMERICAN<br>NATIONAL PROPERTY AND<br>CASUALTY CO.,<br>　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 2:21-CV-324-TLS-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On October 19, 2021, Plaintiff filed a Complaint alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Complaint alleges only that Plaintiff David Biggs "was a resident" of Indiana "[a]t all times relevant," ¶ 1, and that Defendant Richard Riel is currently a "resident" of Illinois. ¶ 2. These

1

allegations are insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

In addition, Plaintiff is reminded of "the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). Accordingly, Plaintiff must specifically allege his domicile and that of both Defendants as of the date the case was filed in this Court.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **November 4 2021**, a supplemental jurisdictional statement clarifying the citizenship of the parties under 28 U.S.C. § 1332(c)(2) as outlined above.

SO ORDERED this 21st day of October, 2021.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record